## STEPHEN WHITMORE, JR. *vs.* LUTHER MUNN.

The provision of Rev. Sts. *c.* 144, § 19, requiring contracts on account of the state prison to be approved in writing by the inspectors, is not complied with by evidence that the inspectors, long after a contract was made, approved an account containing a charge of an assessment on such contract, and that they approved in writing an assignment, release and quitclaim of all interest in the contract, and that after such assignment and the commencement of an action for a breach of the contract, a direct approval was indorsed thereon by the then inspectors of the prison, but who were not such when the contract was made.

THIS was an action for a breach of a contract, dated December 28th, 1848, relating to the furnishing of a quantity of granite, executed by the defendant of one part, and by " Daniel Russell, for Frederic Robinson, warden of the Massachusetts state prison," of the other part. The plaintiff, the warden of said prison at the commencement of this action, at the trial before *Thomas*, J. offered to prove that at the time of the execution of said contract, Frederic Robinson was the warden of the state prison, and that Daniel Russell was authorized to make said contract on his behalf, but a report of the evidence on this point became immaterial to the final decision of the case. The plaintiff also offered evidence tending to show, as he claimed, a sufficient approbation of the contract by the inspectors of the state prison as required by Rev. Sts. *c.* 144, § 19, to render the contract valid and binding, and offered to prove a breach of the contract by the defendant as alleged in the declaration. The evidence as to the ratification, sufficiently appears in the opinion.

Upon the offer of the plaintiff to prove the above facts, the presiding justice inclined to the opinion that the action could not be maintained, and the case was taken from the jury for the consideration of the whole court. If, upon the facts and the inferences a jury might draw from them, the action can be sustained, the plaintiff was to have a new trial, otherwise he was to become nonsuit.

*A. Churchill, (J. J. Clarke* with him,) for the plaintiff.

*S. Bartlett & E. Merwin,* for the defendant.

*E. Wilkinson* replied.

THOMAS, J.   The nineteenth section of *c.* 144 of the Rev. Sts. provides that " all contracts on account of the prison shall be made by the warden in writing, and when approved by the inspectors in writing, shall be binding in law, and the warden or his successor, may sue or be sued thereon to final judgment and execution."

Whether the contract, for breach of which this action is brought, is, in legal effect, the contract of the warden or the individual contract of Russell, it is not necessary to determine; because, assuming that it is the contract of the warden, we are all of opinion that it was not, within the meaning of the statute, approved by the inspectors in writing, and had, therefore, no legal force.   The contract bears date December 28th, 1848.   The plaintiff attempted to show such approval, by showing an approval of an account of the Massachusetts state prison for the year ending September 30th, 1849, in which was an item of charge for a small assessment of some fifteen dollars made upon his contract.   Possibly, under the *St.* of 1827, *c.* 118, which did not require the contract or its approval to be in writing, that would be competent evidence, though slight, of an approval by the inspectors.   See *Austin* v. *Foster*, 9 Pick. 341.   But we think the provision of the Rev. Sts. meant to exclude any inference from the acts and conduct of the inspectors, and to require that the contract should be' directly submitted to the inspectors for their approval in writing, and that, until such written approval was given, the contract should not be binding ; the language is too clear and explicit to admit of any other construction.

The plaintiff also offered to show such approval by evidence that the inspectors in 1851 approved in writing an assignment by the then warden, of all the interest which he, as warden of the state prison, might have in said contract.   The assignment was but a release and quitclaim.   And it by no means follows that the inspectors would have approved of the original contract, because they approved of the act of the warden in assigning all the right, title, and claim he might have by virtue of such contract.   This is not an approval of the contract, but of the getting rid of it.

The plaintiff offered, also, to show an express approval of the contract by the inspectors of 1853 after the state prison had parted with all interest in the contract, and after the present suit was brought. This, clearly, is too late. There was no contract binding in law when the suit was commenced. But it is argued by the plaintiff, that the defendant, having participated with the officers of the prison in the part execution of the contract, is estopped to deny its validity. But the doctrine of estoppel cannot be used to give validity to contracts not only against the policy of the law, but the express provisions of the statute. Such construction would render the statute nugatory. If the defendant is bound, the warden must be also, and the result would be that parties by their agreement may dispense with an important and salutary provision of law.

As we think it plain that this contract was not so approved by the inspectors as to make it binding in law, the result is that the nonsuit must stand.                   *Nonsuit confirmed.*